UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSIE L. CARMICHAEL,<br><br>    Plaintiff,<br><br>  v.<br><br>HOUSING AUTHORITY OF SAN LUIS OBISPO, et al.,<br><br>    Defendants. | Case No. CV 18-6182-VBF (SP)<br><br>MEMORANDUM AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

## I.

## **PROCEEDINGS**

On July 17, 2018, pro se plaintiff Cassie L. Carmichael, proceeding in forma pauperis, filed a civil rights Complaint under 42 U.S.C. § 1983. In the Complaint, plaintiff generally alleges various individuals violated her right to fair housing. Plaintiff names the following defendants in their individual and official capacities: Housing Authority of San Luis Obispo ("HASLO") and the Paso Robles Housing Authority ("PRHA").

The Court issued its initial order in this case on August 1, 2018, in which the Court advised plaintiff that it was screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). In accordance with the terms of the Prison Litigation Reform Act of 1995

("PLRA"), the Court screened the Complaint for purposes of determining whether the action was frivolous or malicious, or failed to state a claim on which relief might be granted, or sought monetary relief against a defendant who was immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

After careful review and consideration of the allegations of the Complaint under the relevant standards, the Court found that its allegations were insufficient to state a federal civil rights claim. Specifically, the Court found: (1) the Complaint fails to comply with Federal Rule of Civil Procedure 8; (2) the Complaint fails to state a claim against defendants HASLO and PRHA because it does not state a claim in accordance with *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); (3) the Doe defendants are insufficiently identified; (4) the Complaint fails to state a 42 U.S.C. § 1981a claim because plaintiff's claims are unrelated to employment discrimination and the only named defendants are government agencies; (5) the Complaint fails to state a Fair Housing Act claim because there are no facts alleged that satisfy the elements of such a claim; (6) the Complaint does not state a claim based on a privacy right that is secured by the Constitution or the laws of the United States; and (7) the Court would decline to exercise supplemental jurisdiction over plaintiff's state law claims because all of her federal claims are subject to dismissal. Accordingly, on October 10, 2018, the Court issued an Order dismissing the Complaint but granting leave to file a First Amended Complaint ("FAC"). Plaintiff was ordered to file a First Amended Complaint by November 9, 2018 if she wished to cure the deficiencies in her Complaint identified by the Court. The Court warned plaintiff that failure to timely comply with the order may result in dismissal of the action.

Plaintiff did not file a First Amended Complaint on or after November 9, 2018. On December 7, 2018, the Court issued an Order to Show Cause ("OSC") why this action should not be dismissed for failure to prosecute. Plaintiff was ordered to respond to the OSC by December 28, 2018, and show cause in writing why the action should not be dismissed for failure to prosecute and/or comply with a court order. The Court advised

plaintiff the OSC would be discharged if she filed a First Amended Complaint by December 28, 2018. The Court cautioned plaintiff that her failure to timely respond to the OSC would be deemed by the Court as consent to the dismissal of this action without prejudice.

Plaintiff did not respond in any fashion to the OSC by the December 28, 2018 deadline as ordered. In fact, the Court has not received any communication from plaintiff since she filed a Notice of Change of Address and request for the Marshal's Service to serve defendant with the Complaint on September 10, 2018.

## II.

## **DISCUSSION**

The original Complaint filed by plaintiff herein suffers from the pleading deficiencies discussed in the Court's October 10, 2018 Order Dismissing Complaint With Leave to Amend. The Court set a deadline for filing an amended complaint of November 9, 2018. When four weeks passed beyond the deadline without the Court receiving a First Amended Complaint or any other communication from plaintiff, the Court issued an OSC. The OSC gave her an opportunity to show in writing why the action should not be dismissed for failure to prosecute or comply with a court order, and effectively extended her time to file a First Amended Complaint. Plaintiff failed to respond to the OSC by the December 28, 2018 deadline, or at all. Plaintiff's failure to file a First Amended Complaint or to respond in any fashion to the Court's December 7, 2018 OSC, despite being admonished of the consequences, evidences a lack of prosecution on her part.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may

dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff failed to file a First Amended Complaint or voluntary dismissal as directed, and failed to respond to the Court's December 7, 2018 OSC. Plaintiff's failure to follow the Court's orders and to prosecute her case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates she does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Although the defendants here have not yet been served and the pendency of a lawsuit is not itself sufficiently prejudicial to warrant dismissal (*Pagtalunan*, 291 F.3d at 642), nothing suggests that the presumption of prejudice to defendants is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for her failure to comply with the Court's orders. Further, "[u]nnecessary delay inherently increases the risk that

witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to file a First Amended Complaint and failing to respond in any fashion to the Court's December 7, 2018 OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation marks omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) cautioning plaintiff in its October 10, 2018 dismissal order that failure to timely file a First Amended Complaint may result in a recommendation of dismissal; (2) after plaintiff's deadline to file a First Amended Complaint passed, issuing an OSC in which the Court warned plaintiff that failure to timely respond to the OSC would be deemed by the Court as consent to dismissal of the action without prejudice; and (3) waiting more than four months beyond the deadline to respond to the OSC before issuing this order. Further, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than

5

dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of this action without prejudice is warranted for failure to prosecute and to obey court orders.

## III.
## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: _____June 20_____, 2019

_____
HONORABLE VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE